UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
Frank Pompilio, Rita Torres, Samantha Chuskas, :
Sherly Gattof, and Robby Harper, individually and :
on behalf of all others similarly situated, : Case No. 7:24-cv-08220
 :
 Plaintiffs, : Hon. Philip M. Halpern
v. :
 :
 :
Boar's Head Provisions Co. Inc., :
 : [PROPOSED] PRELIMINARY APPROVAL
 Defendant. : ORDER
 :
 :
------------------------------------------------------- x

# [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, on or about December 16, 2024, Plaintiffs filed their Consolidated Amended Complaint in a recall-related putative nationwide class action lawsuit against Boar's Head, the above-captioned *Frank Pompilio, et al v. Boar's Head Provisions Co., Inc.*, Case No. 7:24-cv-08220 (S.D.N.Y), though their counsel Sultzer & Lipari, PLLC, Reese LLP, Milberg Coleman Bryson Phillips Grossman, PLLC, Levin Sedran & Berman LLP, Leeds Brown Law, P.C., Poulin, Willey, Anastopoulo, LLC, which, in sum, asserts claims for violations of New York General Business Law §§ 349 & 350, Illinois consumer protection laws, California consumer protection laws, unjust enrichment, breach of warranty, fraudulent concealment, and fraud by omission in connection with their alleged purchases of one or more recalled products.

WHEREAS, Plaintiffs and Boar's Head Provisions Co., Inc. ("Boar's Head") entered into a Settlement Agreement and Release ("Settlement Agreement") on January 14, 2025, which is attached as **Exhibit 1** to the Memorandum in Support of Plaintiffs' Unopposed Motion for

1

Preliminary Approval of the Settlement Agreement, to be filed on January 14, 2025, and sets forth the terms and conditions of the Settlement between the litigants.

WHEREAS, Plaintiffs will move the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving the Notice to the Settlement Class as more fully described herein.

WHEREAS, Boar's Head does not contest certification of the Settlement Class solely for purposes of this Settlement.

WHEREAS, this Court is familiar with and has reviewed the record, the Settlement Agreement and the attached exhibits, inclusive of Plaintiffs' Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval, and the supporting Declaration of Jason P. Sultzer of Sultzer & Lipari, PLLC, and the exhibits thereto, and finds good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

2. *Preliminary Certification of the Settlement Class for Settlement Purposes.* Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as defined as follows, is preliminarily certified for the purpose of this settlement only:

> **Settlement Class.** All natural persons who, during the Class Period, purchased in the United States any Covered Products for personal, family or household use and not resale.

3. Furthermore, the Settlement Class excludes the following:

> **Exclusions.** Any judge or magistrate presiding over the Litigation, their staff and their immediate family members; (2) the Defendant; (3) any and all entities in which Defendant has a controlling interest; (4) any of Defendant's subsidiaries, parents, affiliates and officers, directors and employees, as well as legal

2

representatives, heirs, successors or assigns; (5) any persons who timely exclude themselves from the Settlement Class in accordance with the procedures set forth in the Settlement Agreement.

4. This Court preliminarily finds, for the purpose of settlement only, that the Settlement Class as defined above meets all of the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority and that Plaintiffs and their counsel are adequate representatives of the Settlement Class:

5. Thus, Plaintiffs Pompilio, Torres, Chuskas, Gatoff, and Harper are hereby appointed Class Representatives of the Settlement Class;

6. Additionally, the following firms and their counsel are appointed as Class Counsel for the Settlement Class:

    a. Jason P. Sultzer and Jeremy Francis of Sultzer & Lipari, PLLC;

    b. Michael Reese of Reese LLP;

    c. Nick Suciu of Milberg Coleman Bryson Phillips Grossman, PLLC;

    d. Charles Schaffer of Levin Sedran & Berman LLP;

    e. Jeffrey K. Brown and Blake Hunter Yagman of Leeds Brown Law, P.C.; and

    f. Paul Doolittle of Poulin, Willey, Anastopoulo, LLC.

7. The Settlement Class, if certified in connection with final approval, shall be for settlement purposes only and without prejudice to the parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

8. *Preliminary Approval of the Settlement Agreement*. The Court has carefully scrutinized the Settlement Agreement and preliminarily finds that the Settlement is the product of extensive, non-collusive and arm's-length negotiations between experienced counsel who were

thoroughly informed of the strengths and weaknesses of the related actions through pre-suit disclosure pursuant to Federal Rule of Evidence 408 and during mediation conducted before the Honorable Judge Steven M. Gold (Ret.).

9. The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery for the Settlement Class balanced against the risks of protracted litigation, does not grant preferential treatment to Plaintiffs and Class Counsel, and has no obvious deficiencies.

10. The Court preliminarily approves of the Settlement, as memorialized in the Settlement Agreement at Ex.1, as fair, reasonable and adequate, and in the best interests of the Settlement Class, subject to further consideration at the Final Approval Hearing to be held on August 13, 2025 in Courtroom TBD.

11. The Court hereby stays this Action pending final approval of the Settlement Agreement, and enjoins, pending final approval of the Settlement, any future actions brought by the named Plaintiffs concerning a Released Claim.

12. *Manner and Form of Notice.* The Court approves the Notice substantially in the form attached as Exhibit B to the Settlement Agreement. The Notice is reasonably drafted, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsels' upcoming motion for attorneys' fees, expenses, and service awards; of their right to submit a Claim Form; of their right to exclude themselves; and of their right to object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing shall be included in the Notice before it is disseminated.

13. The Court also finds that the proposed Notice Plan, which includes dissemination of Notice via (i) the Settlement Website, (ii) a toll-free telephone number, and (iii) an internet/social

4

media advertising campaign, will provide the best notice practicable under the circumstances. The Notice and Notice Plan provide due, adequate, and sufficient notice to the Settlement Class, and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

14. The Court appoints Angeion Group to serve as the Claim Administrator to supervise and administer the Notice Plan, establish and operate a Settlement Website, administer the Claims process, including the determination of valid claims, distribute the Class Benefit to Valid Claimants according to the criteria set forth in the Settlement Agreement, and perform any other duties of the Claim Administrator provided for in the Settlement Agreement.

15. The Claim Administrator shall provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

    a. Within 45 days following the entry of this Order, the Claim Administrator will establish the Settlement Website pursuant to the terms of the Settlement Agreement. The Settlement Website shall contain: a complete list of Covered Products as set forth in Exhibit D to the Settlement Agreement; the Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions (to be agreed upon in form and substance between Class Counsel and Defendant); a contact information page that includes the address for the Claim Administrator and addresses and telephone numbers for Class Counsel; the Operative Complaint; the Settlement Agreement; the signed order of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; and (when it becomes available) Plaintiffs' application for Attorneys' Fees and Expenses and/or an application for Service awards. The

5

Settlement Website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form or request for exclusion, as well as an address to which Claim Forms or requests for exclusion may be mailed. The Settlement Website will be live on the Notice Date. The Settlement Website shall remain accessible until one hundred eighty (180) days after all Settlement Benefits are distributed, except that it will not allow online submission of the Claim Forms after the Claim Filing Deadline or online submission of requests for exclusion after the Exclusion Deadline;

b. Within forty-five (45) days following the entry of this Order, Angeion Group, will establish a toll-free telephone number where Settlement Class members can request a copy of all of the relevant case documents; and

c. Within forty-five (45) days following the entry of this Order, Angeion Group will initiate the internet/social media advertising campaign as described in the Notice Plan, which will direct Settlement Class Members to the Settlement Website.

16. *Final Approval Hearing.* The Court will hold a Final Approval Hearing on August 13, 2025 at 2:30 p.m. in Courtroom TBD of the United States District Court, Southern District of New York, the Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse 300 Quarropas St. White Plains, NY 10601-4150, for the following purposes: (i) to determine whether the Settlement Agreement should be approved as fair, reasonable, and adequate and in the best interests of Settlement Class Members; (ii) to rule upon Class Counsels' application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsels' application for service awards for the Class Representatives; and (iv) to consider any other matters that may be properly brought before the Court in connection with the Settlement Agreement.

6

17. The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class, and may approve the proposed Settlement Agreement without further notice to the Settlement Class.

18. Class Counsels' application for an award of attorneys' fees and expenses, and Class Counsels' application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement Agreement.

19. If the Settlement Agreement is approved, Settlement Class Members (i.e., those who have not excluded themselves from the Settlement) will be bound by the Release provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

20. Any Settlement Class Member who intends to object to the Settlement must file with the Court a written statement that includes: (i) a caption or title that clearly identifies the proceeding and that the document is an objection; (ii) information sufficient to identify and contact the objector or his or her attorney if represented; (iii) information sufficient to establish the objector's standing as a Settlement Class Member; (iv) a clear and concise statement of the objector's objection, as well as any facts and law supporting the objection; (v) the objector's signature; and (vi) the signature of the objector's counsel, if any (an attorney's signature alone shall not be deemed sufficient to satisfy this requirement). Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection. To be timely, the objection must (a) be electronically filed via the Court's ECF system; or (b) delivered to the Clerk of the Court for filing by mail, express mail or personal delivery, and (c) be filed or received by the Clerk of the Court prior to the Objection deadline, which shall be sixty (60) days after the Notice Date.

7

21. Any Settlement Class Member who fails to timely file with the Court a written objection in accordance with the terms of the Settlement Agreement and as detailed in the Notice shall waive and forfeit any and all rights they may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement Agreement by appeal or other means; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

22. *Exclusion from the Settlement Class.* Members of the Settlement Class who choose to opt out must submit a written request for exclusion either by completing the online exclusion form at the Settlement Website, downloading and submitting to the Claim Administrator a completed exclusion form, or submitting a valid request to exclude themselves, as described in the Notice, to the Claim Administrator. The request for exclusion must be submitted online or postmarked no later than sixty (60) days following the Notice Date. The deadline shall be set forth in the Notice and on the Settlement Website.

23. Any member of the Settlement Class who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

24. The Claim Administrator shall also provide a final report to Class Counsel and Boar's Head, no later than ten (10) days after the deadline for submitting written requests for exclusion, that summarizes the number of opt-out requests received to date, the names of the persons who have timely excluded themselves, and other pertinent information. Class Counsel shall include the information, as appropriate, with their final approval papers.

25. *Termination of the Settlement.* If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially

8

modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

26. *The Use of this Order.* As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Boar's Head to the Class Representatives, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action; (iv) that Boar's Head agrees that a litigation class is proper in this Action or any other proceeding; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in this Action against Boar's Head if it was not settled at this point in time.

27. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement or as a defense to any released claim.

28. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: _____January 31_____, 2025

_____
Philip M. Halpern, U.S.D.J.